IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02139-WDM-BNB

JOSEPH CULPEPPER, and
MEAGAN CULPEPPER, by her next friend Joseph Culpepper

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, COLORADO,
THE WELD COUNTY DEPARTMENT OF SOCIAL SERVICES,
JUDY GRIEGO, in her capacity as Director of Weld County Department of Social Services,
UNKNOWN EMPLOYEES of Weld County Department of Social Services,
JODY RUPPLE, and
JODEE RUPPLE,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO DISMISS

Miller, J.

This matter is before me on the Motion for Summary Judgment (doc no 25) filed by Defendants Jody Rupple and Jodee Rupple ("Foster Parents"), the Motion to Dismiss (doc no 29) filed by Defendant Carolyn Olson, and the Motion to Dismiss (doc no 32) filed by the Board of County Commissioners of Weld County, the Weld County Department of Social Services, and Judy Griego (the "Weld County Defendants"). Plaintiffs Joseph Culpepper ("Father") and Meagan Culpepper ("Daughter") oppose the motions. I note that Defendant Carolyn Olson was dismissed from this matter by stipulation (doc no 37) on August 20, 2007; accordingly, her motion will be denied as moot. I have reviewed the remaining parties' written arguments and the evidence submitted with the briefs and

conclude that oral argument is not required. For the reasons set forth below, the motions will be granted and Plaintiffs' complaint will be dismissed with prejudice.

Background[1]

The background of this dispute is as follows:

> M.C. [Daughter] was born in Texas of the relationship between M.T. (mother), and [Plaintiff Joseph Culpepper (father)]. While both parents were living in Texas, father obtained a temporary restraining order preventing mother from taking M.C. from father, changing M.C.'s residence from Santa Fe, Texas, withdrawing M.C. from school or day care, and removing M.C. beyond the jurisdiction of the Texas court.
>
> In November 2000, father took his daughter to visit mother, who had moved to Colorado. During this visit, father was jailed briefly for creating a public disturbance at mother's workplace. As a result, a petition in dependency and neglect was filed against both parents on November 30, 2000. The petition did not advise the court of the Texas restraining order.
>
> However, because of the Texas restraining order, the Weld County Department of Social Services concluded that M.C. could not be placed with mother, and, instead, she was placed in the temporary custody of the department.
>
> Father requested that counsel be appointed to represent him, but this request was denied based on his income. Father appeared pro se and the dependency and neglect proceeding continued, resulting in the magistrate terminating both parents' parental rights in February 2002.

---

[1]Except where noted, the facts set forth herein are drawn from Plaintiff's complaint and the decision by the Colorado Court of Appeals in *In re State ex rel. M.C.*, 94 P.3d 1220 (Colo. App. 2004). Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment; a court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006). To the extent that undisputed facts not contained in the complaint or *M.C.* are addressed for the purposes of the Foster Parents' Motion for Summary Judgment, those facts are drawn from the parties' briefs.

2

>Father sought review of the magistrate's decision and in August 2002 the district court adopted the magistrate's order.

*M.C.*, 94 P.3d at 1221-22.

Father appealed the termination of his parental rights to the Colorado Court of Appeals, which issued a limited remand to the district court to hold an evidentiary hearing to resolve jurisdictional matters. *Id.* at 1222. Following that hearing, the district court concluded that Texas was Daughter's home state and that the district court and magistrate had temporary emergency jurisdiction to hear the dependency and neglect proceeding. *Id.* The division of the Colorado Court of Appeals reversed and remanded on the grounds that the district court and magistrate did not have jurisdiction; the case was remanded to the trial court to make protective orders as necessary for the welfare of the child. *Id.* at 1225. Father regained custody of Daughter in October 2005. Complaint ¶ 19.

During the legal proceedings, former defendant Carolyn Olson was appointed as guardian ad litem for Daughter. Complaint ¶ 15. Daughter was placed in the home of Foster Parents. Complaint ¶ 14.

On October 25, 2006, Plaintiffs filed a complaint in this Court asserting two claims pursuant to 42 U.S.C. § 1983: (1) claim on behalf of Daughter for violations of her constitutional rights; and (2) claim on behalf of Father for violations of his constitutional rights.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim

3

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id*.

In deciding a motion for summary judgment, I determine whether the evidence proffered by the plaintiff, if believed by the fact-finder, would be sufficient to sustain the claim, *Foster v. AlliedSignal, Inc.*, 293 F.3d 1187, 1195 (10th Cir. 2002), and draw all reasonable inferences from the evidence in the manner most favorable to the plaintiff. *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003).

## Discussion

A.  <u>Motion to Dismiss</u>

The Weld County Defendants move to dismiss on several grounds: (1) the Board of County Commissioners, Weld County is the only proper government defendant, not the Weld County Department of Social Services; (2) Plaintiffs' complaint is barred by the statute of limitations; (3) the Weld County Defendants are entitled to absolute immunity; (4) the individual county defendants are entitled to qualified immunity; (5) Plaintiffs have failed to adequately allege municipal liability; (6) Plaintiffs have failed to adequately allege that any defendants were acting in concert; (7) Plaintiffs cannot assert each other's constitutional rights. Plaintiffs concede that the Weld County Department of Social Services is not a proper party and should be dismissed. They also deny that they are asserting a claim of conspiracy and agree that they cannot assert each other's constitutional rights.

With respect to the remaining arguments, I conclude that Father's claim is time-barred, but cannot determine from the facts alleged whether Daughter's claim is also barred. I cannot determine as a matter of law from the pleadings whether the Weld County Defendants are entitled to absolute immunity. However, I conclude that the complaint is generally inadequate as to the individual defendants and that they may be entitled to absolute immunity or qualified immunity. Daughter will be directed to file an amended complaint within fifteen days of the issuance of this order or the case will be dismissed.

1. Statute of Limitations

The Weld County Defendants note that Daughter was removed from Father's custody in November 2000, but that this case was not filed until October 2006. They argue that the complaint is untimely because it was filed more than two years after Plaintiffs'

claims accrued. I agree with respect to Father.

The parties do not dispute that, in general, claims asserted pursuant to section 1983 are governed by the most analogous state statutes of limitations; in Colorado, the applicable limitations period is two years. C.R.S. § 13-80-102(1)(g) (actions created by federal statutes). The issue, then, is when Plaintiffs' claims accrued. Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues; in general, a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). I agree with the Weld County Defendants that the claimed injury underlying this action was the removal of Daughter from Father's custody, which occurred in 2000. Father certainly had knowledge of this injury at the time and so his claim accrued then. His claim was filed nearly four years after the expiration of the statute of limitations and, therefore, is time-barred.

Father argues, without legal authority, that his cause of action accrued when the proceedings in state court were concluded in his favor or, alternatively, that the actions of the Weld County Defendants in continuing to keep Daughter out of Father's custody constituted a "continuing violation." These arguments are unavailing. The alleged injury occurred when he was separated from his child, not when he was reunited with her. In addition, Plaintiffs cite no authority for the application of a "continuing violation" doctrine to these circumstances; even if I were to find that it applies, Plaintiffs have not even identified an allegedly wrongful act occurring within the two years before the filing of their complaint. *Frazier v. Jordan*, 2007 WL 60883 at *4 (10th Cir. 2007) (declining to apply

continuing violation doctrine to section 1983 claim).

Daughter, who was a minor at the time of the alleged injury, is a person under a disability for the purposes of the statute of limitations. C.R.S. § 13-81-101(3). The statute of limitations for a minor is tolled until the individual reaches the age of eighteen or is appointed a "legal representative." C.R.S. § 13-81-103; *Elgin v. Bartlett*, 994 P.2d 411, 414 (Colo. 1999). The statute defines a "legal representative" as "a guardian, conservator, personal representative, executor, or administrator duly appointed by a court having jurisdiction of any person under disability or his estate." C.R.S. § 13-81-101(2). The Weld County Defendants argue that Daughter was appointed a guardian ad litem by the court and that her cause of action accrued at the time of that appointment. I disagree for several reasons.

First, the plain language of the definition of "legal representative" does not include a guardian ad litem. Laws designed to protect a minor's legal rights are strictly interpreted. *Elgin*, 994 P.2d at 415. In addition, Ms. Olson was appointed for a limited purpose in a role significantly more constrained than the persons listed in the definition of "legal representative."[2] Under Colorado law, a guardian ad litem in a dependency and neglect proceedings is a person appointed by a court to act in the best interests of a child involved in that particular proceeding and not in all matters. *See* C.R.S. § 13-91-103(4). A guardian ad litem is charged "in general with the representation of the child's interests" only in connection with the dependency and neglect proceeding. C.R.S. § 19-3-203(3); *see also*

---

[2]I note that in the probate code, a guardian ad litem is specifically excluded from the definition of "guardian" for the purposes of that section. C.R.S. § 15-1.5-101(7).

*Short v. Short*, 730 F. Supp. 1037, 1038 (D. Colo. 1990) (noting that guardian ad litem in domestic relations matters serves "as an adjunct of the court" in objectively determining the best interests of the child). There is no indication that a guardian ad litem in a dependency and neglect proceeding is vested with all the legal rights of the minor so that the guardian must act to avoid the running of the statute of limitations on an independent legal claim.

I also note that a legal representative must be appointed by "a court having jurisdiction." The Colorado Court of Appeals ultimately determined that the district court did not have jurisdiction beyond the few days of Father's incarceration, which constituted a temporary emergency. Accordingly, I question whether any appointment by the trial court would have satisfied section 13-81-101(2) and triggered the accrual of Daughter's cause of action.

In light of the plain text of the definition of "legal representative" and the basic purpose of protecting the legal rights of minors, the limited role of a guardian ad litem in dependency and neglect proceedings, and the appellate determination that the trial court lacked jurisdiction over the dependency and neglect proceeding, I conclude that the appointment of a guardian ad litem did not cause Daughter's cause of action to accrue.

2. <u>Immunity</u>

The Weld County Defendants further contend that they are entitled to absolute immunity because the actions of the Department of Social Services were taken in quasi-judicial capacity. In the alternative, they argue that Griego (and the other unnamed individual defendants) are entitled to qualified immunity. The complaint does not allege sufficient facts from which I can make a determination on absolutely immunity. However,

8

for the same reason, I also conclude that Plaintiffs have failed to allege sufficient facts demonstrating that any individual county employee violated their constitutional rights.

The Tenth Circuit has recognized that in some circumstances, social workers involved in child protection and advocacy may be entitled to absolute immunity. *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). This determination relies on a "functional approach," requiring the court to "look to the particular task a defendant was performing and its nexus to the judicial process," rather than a blanket grant of immunity. *Id.* at 686-87. Thus, where child protection workers are engaged in activities such as filing and advocating neglect and delinquency petitions in the courts, they may be entitled to absolute immunity, but only qualified immunity is available for pre-petition investigatory activities. *Id.* at 688-89 (citing examples from Ninth, Sixth, and Tenth Circuit case law). Key to finding that absolute immunity is warranted is a determination that the social worker "act[ed] as an actual functionary of the court, not only in status or denomination but in reality." *Id.* at 689 (citation omitted).

I cannot determine from the complaint or from the briefs whether the Weld County Defendants are entitled to absolute immunity because the individual defendants (other than Defendant Griego) have not been identified and Plaintiffs have failed to specify the actions upon which liability is premised. The Weld County Defendants also have not outlined for me the process by which a dependency and neglect petition is adjudicated, including issues such as who initiates the petition (social services or a prosecutor) and to what extent proceedings are judicial or extra-judicial. This prevents me from analyzing whether the acts taken were "quasi-judicial" in nature and thus entitled to immunity. It appears from the

9

broad outlines of the complaint and the background that a significant portion of the activities undertaken by the Weld County Defendants would be entitled to absolute immunity, but it is possible that some were taken before the initiation of judicial proceedings and might not be so protected. Accordingly, complete dismissal on this ground is not appropriate.

The Weld County Defendants argue in the alternative that Defendant Griego is entitled to qualified immunity. It appears, however, that the claims against Defendant Griego are asserted against her in her official capacity, which is essentially an action against the entity that employs her–i.e., Weld County. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Qualified immunity is a defense available to individual defendants. *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999) ("In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known.").

To the extent that Plaintiffs seek to hold Defendant Griego liable in her individual capacity, this claim fails because Plaintiffs have failed to alleged facts showing any allegedly unlawful action taken by Griego as well as any causal connection between her personal acts and an injury to Plaintiffs. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-53 (10th Cir. 2006) (to establish supervisory liability, a plaintiff must establish a "deliberate, intentional act" by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation; a plaintiff must show active participation or acquiescence through personal participation, exercise of control or

direction, failure to supervise, or tacit authorization of the offending acts). Plaintiffs have alleged no more than that Griego supervises the department and implements its policies. In their response to the motion to dismiss, Plaintiffs admit they have no facts showing any personal involvement by Griego in these proceedings, but that "it is unreasonable to assume that Ms. Griego, as the Director of the Department, had no hand in the making of these decisions." Response at 15. This is not sufficient to state a claim against Ms. Griego in her individual capacity.

This same deficiency would warrant the dismissal of the entire complaint. Other than conclusorily asserting that certain unknown county defendants acted "wrongfully" and "without cause," the complaint fails to allege a single wrongful or unconstitutional act. Under the standard announced recently by the United States Supreme Court in *Twombly,* in the Rule 12(b)(6) context, I "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. 1955, 1965 (2007). In other words, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). As pled, Plaintiffs' complaint alleges no more than that the Weld County Defendants initiated dependency and neglect proceedings after Father was jailed and continued to advocate for keeping Daughter out of Father's custody. The only error identified by the Colorado Court of Appeals was the legal error by

the trial court in assuming jurisdiction over the matter, instead of permitting the case to be adjudicated in Texas. There are simply no facts alleged from which I can conclude, other than by speculation, that Daughter has a reasonable likelihood of mustering factual support to show that any of the Weld County Defendants personally took any action that violated Daughter's constitutional rights.

In Plaintiffs' response brief, however, they provide more details of the wrongful conduct allegedly underlying their claims, including that individuals at the Department of Social Services based their petition in part on criminal charges against Father that they knew had been dropped and that Daughter was initially seized without court authorization. Thus, although the complaint is deficient at this time, it appears possible that it can be amended sufficiently to state a claim against the unnamed individual defendants and the county. Daughter is therefore directed to file an amended complaint against the county and/or Ms. Griego in her official capacity and the unnamed defendants within fifteen days of entry of this order identifying the specific actions Daughter alleges were wrongful or unconstitutional and which were not taken in connection with the judicial process (and thus entitled to absolute immunity).

3.  County Liability

The Weld County Defendants also argue that the claim against the county must be dismissed because Plaintiffs have failed to allege that the alleged constitutional violations were pursuant to a custom, practice, or policy of Weld County. It is well established that a municipality or other governmental entity may be subjected to liability under § 1983 where the action alleged to be unconstitutional executes or implements a governmental policy or

custom. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiffs have conclusorily alleged this element in Paragraph 13 of their complaint. However, since the underlying unlawful acts have not yet been identified, the complaint is insufficient to put the Defendants on notice of the unconstitutional policy or custom allegedly implemented and to prepare a defense. This deficiency must also be cured in order for Plaintiffs to state a claim against the county.

B.  Foster Parents' Motion for Summary Judgment

Foster Parents seek summary judgment arguing that the undisputed facts show that they had no role in the removal of Daughter from her parents' custody in 2000, that Daughter was placed in their foster home in June 2001 pursuant to an order of the Weld County District Court, and that Daughter remained in their custody because the court determined it was the best available placement. They contend that Plaintiffs' claims are time-barred and that Foster Parents cannot be liable under section 1983 because they are not state actors. Plaintiffs filed a response brief, which was stricken on August 14, 2007 for failure to comply with my Trial and Pretrial Procedures. Plaintiffs did not re-file a compliant response brief. Accordingly, Foster Parents' evidence and arguments are unrebutted.

I agree with Foster Parents that they are not state actors and that, moreover, they did not cause the alleged injury to Plaintiffs, since the separation of Daughter from Father was initiated and litigated by the Weld County Defendants, not Foster Parents.

Accordingly, it is ordered:

1.   The Motion for Summary Judgment (doc no 25) filed by Defendants Jody

13

Rupple and Jodee Rupple is granted. All claims against these defendants are dismissed with prejudice. Jody Rupple and Jodee Rupple may have their costs.

2. The Motion to Dismiss (doc no 29) filed by Defendant Carolyn Olson is denied as moot.

3. The Motion to Dismiss (doc no 32) filed by the Board of County Commissioners of Weld County, the Weld County Department of Social Services, and Judy Griego is granted in part. All claims against the "Weld County Department of Social Services" are dismissed. All claims asserted by Joseph Culpepper are dismissed with prejudice as time-barred.

4. Plaintiff Meagan Culpepper is directed to file an amended complaint within fifteen days of the issuance of this order identifying the specific acts taken by Weld County and the named and unnamed employees of Weld County alleged to be wrongful/unconstitutional. If an amended complaint is not filed within said fifteen days, the complaint may be dismissed without prejudice without further notice.

DATED at Denver, Colorado, on January 14, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge