IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02139-WDM-BNB

MEAGAN CULPEPPER, by her next friend Joseph Culpepper,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, COLORADO,
JUDY GRIEGO, in her capacity as Director of Weld County Department of Social Services, and
UNKNOWN EMPLOYEES of Weld County Department of Social Services,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the Motion for to Dismiss (doc no 57) filed by Defendant Judy Griego. Plaintiff opposes the motion. I have reviewed the parties' written arguments and the evidence submitted with the briefs and conclude that oral argument is not required. For the reasons set forth below, Defendant's motion will be denied.

### Background[1]

The background of this dispute is as follows:

---

[1] Except where noted, the facts set forth herein are drawn from Plaintiff's amended complaint and the decision by the Colorado Court of Appeals in *In re State ex rel. M.C.*, 94 P.3d 1220 (Colo. App. 2004). Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment; a court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006).

> M.C. [Daughter] was born in Texas of the relationship between M.T. (mother), and [dismissed plaintiff Joseph Culpepper (father)]. While both parents were living in Texas, father obtained a temporary restraining order preventing mother from taking M.C. from father, changing M.C.'s residence from Santa Fe, Texas, withdrawing M.C. from school or day care, and removing M.C. beyond the jurisdiction of the Texas court.
>
> In November 2000, father took his daughter to visit mother, who had moved to Colorado. During this visit, father was jailed briefly for creating a public disturbance at mother's workplace. As a result, a petition in dependency and neglect was filed against both parents on November 30, 2000. The petition did not advise the court of the Texas restraining order.
>
> However, because of the Texas restraining order, the Weld County Department of Social Services concluded that M.C. could not be placed with mother, and, instead, she was placed in the temporary custody of the department.
>
> Father requested that counsel be appointed to represent him, but this request was denied based on his income. Father appeared pro se and the dependency and neglect proceeding continued, resulting in the magistrate terminating both parents' parental rights in February 2002. Father sought review of the magistrate's decision and in August 2002 the district court adopted the magistrate's order.

*M.C.*, 94 P.3d at 1221-22.

Father appealed the termination of his parental rights to the Colorado Court of Appeals, which issued a limited remand to the district court to hold an evidentiary hearing to resolve jurisdictional matters. *Id.* at 1222. Following that hearing, the district court concluded that Texas was Daughter's home state and that the district court and magistrate had temporary emergency jurisdiction to hear the dependency and neglect proceeding. *Id.* The division of the Colorado Court of Appeals reversed and remanded on the grounds

2

that the district court and magistrate did not have jurisdiction; the case was remanded to the trial court to make protective orders as necessary for the welfare of the child. *Id.* at 1225. Father regained custody of Daughter in October 2005. Complaint ¶ 19.

On October 25, 2006, Plaintiff and her father, Joseph Culpepper, filed a complaint in this Court asserting two claims pursuant to 42 U.S.C. § 1983: (1) claim on behalf of Daughter for violations of her constitutional rights; and (2) claim on behalf of Father for violations of his constitutional rights. I dismissed Plaintiff's father from the action on the grounds that his claims were time-barred, dismissed several other defendants, and ordered Plaintiff to file an amended complaint stating with more particularity the asserted wrongful conduct allegedly committed by the employees of Weld County Department of Social Services. In her amended complaint, she essentially repeats the same facts as recited above. She adds, *inter alia*, that the employees knew that the court did not have jurisdiction to adjudicate the petition, that they knew they had to return Plaintiff to her father's custody as soon as he was released from jail, that they knew the criminal complaint against father was unfounded, but that they nonetheless commenced the dependency and neglect proceedings and attempted to place Plaintiff in foster care and to terminate father's parental rights. She asserts governmental liability on the grounds that these actions were taken pursuant to an official policy and/or were the result of a failure to train/supervise.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Defendant Griego makes the following arguments in support of her motion to dismiss: (1) she is entitled to qualified immunity; (2) Plaintiff has failed to identify the employees who violated her rights.

As is clear from the pleadings, Griego has been named in her official capacity only. Qualified immunity is a defense to individual liability under section 1983. A claim against an official in his or her official capacity is essentially an action against the entity that employs her–i.e., Weld County. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Accordingly, since Griego is not an individual defendant, she is not entitled to qualified immunity.

In her reply brief, Griego asserts in the alternative that she should be dismissed because the claim against her is duplicative of that asserted against the Board of County Commissioners of Weld County. It is well established that a municipality or other governmental entity may be subjected to liability under § 1983 where the action alleged to be unconstitutional executes or implements a governmental policy or custom. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). It appears that Griego may be the final policy maker for Weld County with respect to the type of conduct alleged in Plaintiff's complaint, in which case she is a proper defendant. However, it is also

4

possible that Plaintiff's injury could have arisen from a policy implemented by the Board or some other act or omission. While either Defendant Griego or the Board could be a redundant party in this action, there is an insufficient record for me to make a conclusion in this regard in order to dismiss either.

Defendant Griego also contends that Plaintiff's failure to identify which employees took the actions causing Plaintiff's alleged harm requires dismissal. I disagree. As I noted in my previous order on dispositive motions (doc no 45), Plaintiff's initial complaint inadequately set forth the wrongful conduct allegedly committed by Griego's employees. Plaintiff's amended complaint has cured this deficiency and I conclude that it adequately gives notice under Rule 8 of the facts underlying Plaintiff's claim for relief. The particular employees whose identities can be ascertained after discovery may, if justified, be added as named defendants.

Accordingly, it is ordered:

1.  Defendant Griego's Motion for to Dismiss (doc no 57) is denied.

DATED at Denver, Colorado, on April 17, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge