IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02139-WDM-BNB

MEAGAN CULPEPPER, by her next friend Joseph Culpepper,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, COLORADO,
JUDY GRIEGO, in her capacity as Director of Weld County Department of Social Services, and
UNKNOWN EMPLOYEES of Weld County Department of Social Services,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion for Summary Judgment (doc no 81) filed by Defendants Board of County Commissioners of Weld County, Colorado and Judy Griego ("Defendants"). Plaintiff Meagan Culpepper ("Daughter") opposes the motion. I have reviewed the parties' written arguments and the evidence submitted with the briefs and conclude that oral argument is not required. For the reasons set forth below, Defendants' motion will be granted.

### Background[1]

The background of this dispute is as follows:

> M.C. [Daughter] was born in Texas of the relationship between M.T. (mother), and [dismissed plaintiff Joseph

---

[1] The facts herein are drawn from the decision by the Colorado Court of Appeals in *In re State ex rel. M.C.*, 94 P.3d 1220 (Colo. App. 2004) and the affidavits and other evidence submitted with the parties' briefs and are undisputed unless otherwise noted.

> Culpepper (father)]. While both parents were living in Texas, father obtained a temporary restraining order preventing mother from taking M.C. from father, changing M.C.'s residence from Santa Fe, Texas, withdrawing M.C. from school or day care, and removing M.C. beyond the jurisdiction of the Texas court.
>
> In November 2000, father took his daughter to visit mother, who had moved to Colorado. During this visit, father was jailed briefly for creating a public disturbance at mother's workplace. As a result, a petition in dependency and neglect was filed against both parents on November 30, 2000. The petition did not advise the court of the Texas restraining order.
>
> However, because of the Texas restraining order, the Weld County Department of Social Services concluded that M.C. could not be placed with mother, and, instead, she was placed in the temporary custody of the department.
>
> Father requested that counsel be appointed to represent him, but this request was denied based on his income. Father appeared pro se and the dependency and neglect proceeding continued, resulting in the magistrate terminating both parents' parental rights in February 2002. Father sought review of the magistrate's decision and in August 2002 the district court adopted the magistrate's order.

*M.C.*, 94 P.3d at 1221-22.

Joseph Culpepper ("Father") appealed the termination of his parental rights to the Colorado Court of Appeals, which issued a limited remand to the district court to hold an evidentiary hearing to resolve jurisdictional matters. *Id.* at 1222. Following that hearing, the district court concluded that Texas was Daughter's home state and that the district court and magistrate had temporary emergency jurisdiction to hear the dependency and neglect proceeding. *Id.* The division of the Colorado Court of Appeals reversed and remanded on the grounds that the district court and magistrate did not have jurisdiction; the case was remanded to the trial court to make protective orders as necessary for the welfare of the

2

child. *Id.* at 1225. Father regained custody of Daughter in October 2005.

Additional evidence developed in the briefs shows that when Father was initially arrested on November 28, 2000, he informed the officers of the existence of the Texas restraining order. An emergency judicial hearing was set on November 30, 2000 to appoint Daughter a guardian *ad litem* and make initial custody and treatment plans. The court was also told of the existence of the restraining order at that hearing. Father was not present at that hearing; he did, however, appear on December 14, 2000, where he was advised of his rights. As noted, he sought a court appointed lawyer but was denied because of his income.

The only evidence of alleged wrongdoing is Father's deposition testimony that Jenna Reed, the Weld County caseworker assigned to the case after the initial appearance, advised him that he did not need to obtain a lawyer and that the February 2002 termination hearing was only for the purpose of terminating Mother's parental rights. However, a transcript of a hearing held November 15, 2001 shows that Father informed the court that Ms. Reed had advised him to obtain counsel. Father was also advised repeatedly of his right to an attorney; he was also told that the court, not the Social Services Department, would make the final determination of custody and parental rights. The court also instructed Father that he needed to make the effort to stay with his court ordered treatment and parenting plans, something that was apparently complicated by the fact that he was living in Texas but being monitored in Colorado. Plaintiff was informed in court issued advisements that the proceedings concerned termination of the parental relationship of both parents.

Daughter asserts claims pursuant to 42 U.S.C. § 1983, specifically for violation of

her constitutional "right to maintain family relationships intact and free from unwarranted governmental interference."[2] Amended Complaint (doc no 46).

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

Despite the existence of two named defendants, this is essentially a lawsuit against Weld County[3] for the actions taken by individual employees of the Department of Social

---

[2] Father was originally a party to this lawsuit as well but his claims were dismissed as time-barred. Order on Motion for Summary Judgment and Motions to Dismiss (doc no 45).

[3] Defendant Griego is named in her official capacity, which means that the claims are asserted against the entity that employs her – i.e., the county. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Defendants inexplicably assert a defense of qualified immunity again for Ms. Griego, which is unwarranted given that she is not named as an individual defendant, as I noted in my previous order denying dismissal on this ground. See Order on Motion to Dismiss (doc no 68).

Services in the legal proceedings that resulted in the termination of Father's parental rights. Defendant asserts numerous grounds for summary judgment, including that the employees were acting pursuant to their duty under Colorado law to ensure Daughter's safety and well being and are therefore protected by absolute immunity and that Daughter cannot show that any wrongful actions were taken pursuant to a county policy or custom. Plaintiff has admitted in her response brief that she has no evidence of a custom or policy that was the cause of her alleged constitutional injuries. Therefore, I need not address the legal question of whether absolute immunity applies in these circumstances.

It is well established that a municipality or other governmental entity may be subjected to liability under § 1983 where the action alleged to be unconstitutional executes or implements a governmental policy or custom. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). As noted, the only evidence Plaintiff has produced of a wrongful act by any employee is Ms. Reed's alleged misrepresentations to Father. Even if this conduct somehow amounted to a violation of Daughter's constitutional rights, Plaintiff has no evidence that Ms. Reed did so pursuant to any custom or policy of the Department of Social Services or of the County. Plaintiff also admits that she has no evidence that the alleged misrepresentations to Father proximately caused the alleged constitutional injury to Daughter. Given the numerous advisements to Father, as well as the fact that Daughter was represented by a guardian *ad litem* and that the ultimate decisions were made by the court, I see no actionable linkage to any injury.

In response, Daughter points to conclusory allegations in her complaint regarding inadequate training and supervision of social workers in dependency and neglect proceedings. This is insufficient to create a genuine issue of fact where Daughter has the

5

burden of proof. Fed.R.Civ.P. 56(e) (when motion for summary judgment is made and supported, an adverse party "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial"); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("On summary judgment, however, the plaintiff can no longer rest on the pleadings . . . ."). Moreover, Daughter admits that she has no evidence that would establish a causal link between any policies or customs of the county and the alleged violation of her constitutional rights. She requests additional time to take the deposition of Jenna Reed, which she speculates might provide the evidence she requires. However, Daughter has not filed a proper motion pursuant to Rule 56(f) and Defendants have provided evidence showing that they disclosed contact information about Ms. Reed before the close of the discovery period, which Daughter never sought to extend. Under the circumstances, Daughter is not entitled to relief pursuant to Rule 56(f) and summary judgment should enter in favor of Defendants.

Accordingly, it is ordered:

1. Defendants' Motion for Summary Judgment (doc no 81) is granted. Summary judgment shall enter in favor of Defendants and against Plaintiff on all claims.

2. Defendants may have their costs.

DATED at Denver, Colorado, on April 2, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge